## The Warder, Bushnell & Glessner Co. v. A. C. Stiritz & Co.

1. VERDICT—*When Not To Be Set Aside.*—Where the evidence is conflicting, the verdict will not be set aside if there is ample evidence to sustain it.

Assumpsit, on a written contract. Appeal from the Circuit Court of Williamson County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

W. O. POTTER and W. H. WARDER, attorneys for appellant.

526    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] Warder, Bushnell & Glessner Co. v. A. C. Stiritz & Co.

JOHN L. GALLIMORE and DUNCAN & DENNISON, attorneys for appellees.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This suit was begun by appellant against appellees, before a justice of the peace of Williamson county, to recover the sum of $100 claimed to be due and owing by appellees to appellant upon a written contract, by which appellant was to furnish to appellees, harvesting machines, to be sold and accounted for by appellees, at certain net prices named in the contract.

The case was appealed to the Circuit Court of the county, where a trial was had before a jury, and a verdict was rendered in favor of appellant, against appellees, for the sum of $1.90. After overruling a motion by appellant for a new trial, the court rendered judgment on the verdict and plaintiff below has brought the case here by a further appeal and assigns as error, the refusal by the court to admit competent evidence for the plaintiff, and in admitting improper evidence on behalf of the defendants; also in refusing to give proper instructions to the jury for the plaintiff; in giving improper instructions for the defendants, and in overruling plaintiff's motion for a new trial.

Appellant furnished to appellees a sample machine, which, by the terms of the contract, appellees were to return or account for, in good notes or cash. The machine was sold to one Shadowen, who gave his notes therefor, and the pivotal question in the case is, by whom it was sold; whether by appellees or by one Kelly, an agent of appellant, acting under special instructions of one H. C. Hentz, general agent of appellant. Appellant refused to take the notes in payment for, or in lieu of the machine, claiming that appellees are responsible for the sale, while appellees claim that they had nothing to do with the sale of the machine; that they received no commission for the sale of it; that Kelly sold the machine to Shadowen, for the net price it was billed to appellees by appellant. It is not contended by appellant that appellees purchased the machine,

but it is conceded they were only to act as appellant's agents, in selling it, the commission for making a sale to be the difference between the price at which it was billed to appellees, and the sum they should receive on making a sale of it.

We have read all of the evidence with care, and while it is true that some incompetent evidence was permitted to go to the jury on behalf of appellees, yet appellant interposed no objection to it, thereby tacitly admitting its competency; hence no further notice need be taken of it.

Hentz testified that he had full power over the property of appellant in his territory, which embraced more than a dozen counties, and there is ample evidence that he directed, or at least permitted and ratified, the sale of the machine by Kelly to Shadowen, against the protest of appellees.

It must be admitted that there is considerable evidence tending to show that appellees made the sale, but it is not of such a conclusive character as warrants this court in saying the verdict of the jury is wrong.

The machine was the property of appellant, appellees having a mere power to sell it, which appellant could terminate at any time; and if appellant did terminate the power, as the evidence tends to show it did, then the written agreement between the parties had nothing to do with the machine thereafter, because its provisions did not apply to the changed condition of the parties.

Appellant's instructions as modified, and one which was refused, merely made it incumbent on appellant to show by a preponderance of the evidence that appellees sold the machine under the power given them by their agency contract, and in this we are unable to say the court erred, so long as appellant had given simultaneous power of sale to another agent over the same property.

Appellees never became indebted to appellant on account of this machine, so long as appellees kept it safely for appellant and were ready to turn it over according to appellant's direction. Appellees could only become indebted under their contract of agency, for and on account

of the machine, if they sold it to a person, or to persons, and took notes which appellant did not approve within six months from the date settlement was made, in which case appellees were required to pay cash or other approved notes in place of the rejected notes. But before that point could be reached appellant must show that appellees sold the machine and we see nothing wrong in requiring it to establish this fact by a preponderance of the evidence.

The fact that the notes of Shadowen given for the machine had been included in the settlement as notes taken by appellees, is cogent evidence against them, but it is not conclusive. It was for the jury to determine from a preponderance of the evidence, whether the machine was sold to Shadowen under the contract of agency between appellant and appellees or not, and they have found it was not, and we are unable to say their finding is not sustained by the evidence.

Appellees admitted on the trial that they were indebted to appellant $1.90 for taxes paid by appellant on the machine, which appellees, by the terms of their contract, should have paid.

We find no substantial error in the record, and the judgment is affirmed.